UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JERRY WAYNE GIBSON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY BERRYHILL,[1] )<br>acting Commissioner of the Social )<br>Security Administration )<br>)<br>Defendant. ) | CAUSE NO. 3:16-cv-455-PPS-MGG |

**OPINION AND ORDER**

Jerry Wayne Gibson, Jr. appeals the Social Security Administration's decision to deny him Social Security disability insurance benefits. An administrative law judge found Gibson was not disabled within the meaning of the Social Security Act. As explained below, I find the ALJ erred by disregarding the opinion of one of Gibson's treating physicians. A remand is necessary so that the ALJ may fully address that physician's opinion.

My role is not to determine from scratch whether or not Gibson is disabled and entitled to benefits. Instead, my review of the ALJ's findings is deferential, to determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012); *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010); *Overman v. Astrue*, 546 F.3d 456, 462

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for her predecessor, Carolyn Colvin, as defendant in this case.

(7th Cir. 2008). If substantial evidence supports the Commissioner's factual findings, they are conclusive. 42 U.S.C. §405(g). "Evidence is substantial if a reasonable person would accept it as adequate to support the conclusion." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). "Substantial evidence" is more than a "scintilla" of evidence, but it's less than a preponderance of the evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). As such, the review is a light one. But of course, I cannot "simply rubber-stamp the Commissioner's decision without a critical review of the evidence." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

In addition, the ALJ does not have to review every piece of evidence, but must provide a "logical bridge" between the evidence and conclusions. *Terry v. Astrue*, 580 F.3d 471, 474 (7th Cir. 2009). When an ALJ denies disability benefits but fails to adequately support his conclusions, the decision must be remanded. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Specifically, the ALJ's reasoning must be sufficiently articulated to permit meaningful review. *See Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). I must only consider the evidence pointed out by the ALJ in his written decision. *See Jelinek*, 662 F.3d at 811 ("[W]hat matters are the reasons articulated by the ALJ.").

One of Gibson's treating physicians was Dr. Chetan Puranik, an anesthesiologist and pain management specialist. Gibson and Dr. Puranik had a long-term treating relationship spanning from 2011 through 2014. Unquestionably, Dr. Puranik was a treating physician. Dr. Puranik treated Gibson for cervical spondylosis, which is age-

2

related wear and tear affecting the spinal disks in the neck. *See* https://www.mayoclinic.org/diseases-conditions/cervical-spondylosis/symptoms-causes/syc-20370787 (last visited Mar. 19, 2018). Dr. Puranik also diagnosed Gibson with myelopathy and cervicalgia, both of which are diseases of the spinal cord. [A.R. at 408.]²

It is certainly true that on a couple of occasions noted in the medical records, Dr. Puranik said that Gibson "ambulates without difficulty." [*Id.* at 408, 426, 428.] Indeed, the ALJ picked up on that point in his discussion of Dr. Puranik. The ALJ pointed out that "on November 2, 2012, Dr. Puranik noted that the claimant's medication regimen was working adequately, *he ambulated without difficulty*, and he had mild to moderate pain on range of motion in his cervical spine." [*Id.* at 33 (emphasis added).] These couple of references to Gibson being able to ambulate without problem were early on in Gibson's treatment relationship with Dr. Puranik. Nothing more was said by the ALJ in his review of Dr. Puranik's medical records relating to Gibson's ability to ambulate.

By reading the ALJ's opinion one would be left with the impression that Gibson's ability to get around—that is, his ability to "ambulate"—was not at all an issue for him. But that would be a totally misleading impression. What Dr. Puranik's records actually show is that *on no less than 13 visits,* Dr. Puranik made a special note that Gibson

---

²The administrative record is found in the court record at docket entry 8, and consists of 962 pages. I will cite to its pages according to the Social Security Administration's Bates stamp numbers rather than the Court's Electronic Case Filing page number.

"ambulates with difficulty and exhibits guarding and antalgic behavior." An antalgic gait is one which develops as a way to avoid pain while walking. *See* https://www.medicalnewstoday.com/articles/319829.php (last visited Mar. 19, 2018). None of there references to Gibson's difficulty moving around, however, found their way into the ALJ's opinion.

The first reference to Gibson having difficulty walking is in a note in the medical records from a visit by Gibson to Dr. Puranik in March 2012. [A.R. at 416.] And then nearly every month thereafter, Dr. Puranik repeats that same mantra—that Gibson is having difficulty ambulating, that he walks in a "guarded" way, and that there are signs of antalgic behavior. *See* Gibson's May 2012 visit with Dr. Puranik [*Id.* at 420]; June 2012 [*Id.* at 422]; March 2013 [*Id.* at 529]; April 2013 [*Id.* at 599]; May 2013 [*Id.* at 97.]; June 2013 [*Id.* at 595]; July 2013 [*Id.* at 593]; August 2013 [*Id.* at 591]; September 2013 [*Id.* at 589]; October 2013 [*Id.* at 587]; November 2013 [*Id.* at 585]; December 2013 [*Id.* at 583]; early January 2014 [*Id.* at 581]; late January 2014 [*Id.* at 579]. In other words, there was a drumbeat of evidence that Gibson had a substantial and prolonged problem with pain and with ambulating. Yet, the ALJ plucked out one visit from 2012 and relied on that one visit to find that Gibson "ambulates without difficulty." [*Id.* at 33.]

The reference by the ALJ to the one of the few times that Dr. Puranik said that Gibson walks without difficulty—while ignoring the 13 times that Dr. Puranik said something to the contrary—is a classic case of cherry-picking from a medical record to

4

support a denial of benefits. Such cherry-picking of evidence is improper. *Scott v. Astue*, 647 F.3f 734, 740 (7th Cir. 2011).

What's more, at no time does the ALJ assign any weight to the opinion of Dr. Puranik. This is a problem. A treating physician's opinion is entitled to controlling weight if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence" in the record. 20 C.F.R. § 404.1527(d)(2); *see White v. Barnhart*, 415 F.3d 654, 658 (7th Cir. 2005); *Bauer v. Astue*, 532 F.3d 606, 608 (7th Cir. 2008); *Hofslien v. Barnhart*, 439 F. 3d 375, 376 (7th Cir. 2006). This rule takes into account the treating physician's advantage in having personally examined the claimant and developed a rapport, while controlling for the bias that a treating physician may develop with the patient. *Dixon v. Massanari*, 270 F.3d 1171, 1177 (7th Cir. 2001). If an ALJ decides not to give controlling weight to a treating physician's opinion, however, he must explain her reasons for doing so. *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011). Failure to do so is cause for remand.

The problem in this case is not that the ALJ gave little weight to the opinion of Dr. Puranik. The problem is that he assigned it no weight at all. A reader of the ALJ's opinion is left to guess what the ALJ thinks about Dr. Puranik's opinion regarding Gibson's ability to ambulate. This is especially problematic given the long term relationship that Gibson had developed with Dr. Puranik and the number of times that Dr. Puranik noted that Gibson had a hard time ambulating. An ALJ should state what weight, if any, he is assigning to the opinion of a treating physician in order to permit

5

meaningful review. See 20 C.F.R. §404.1527; *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). While a treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record, it is in the ALJ's purview to discount the treating physician's opinion, but she must provide "good reasons" to explain the weight given to the opinion and support these reasons with evidence. SSR 86-2p, 1996 WL 374188 (July 2, 1996); *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must also consider such factors as the length, nature, and extent of the treatment relationship, frequency of examination, the physicians's specialty, and the types of tests performed. *E.g.*, *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009). I must allow the ALJ's decision to stand "so long as the ALJ minimally articulated his reasons—a very deferential standard that we have, in fact, deemed lax." *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008) (internal quotation and citation omitted).

Here, the ALJ did not indicate how much weight, if any, he was giving Dr. Puranik's opinion, let alone his reasons for doing so. This is particularly problematic given the long-term treatment relationship between Gibson and Dr. Puranik and Dr. Puranik's numerous notations that Gibson has difficulty ambulating. Yet at no time did the ALJ say what weight he was giving to that opinion. While the ALJ need not discuss every piece of evidence, he cannot ignore significant evidence supporting a claimant's claim. *See Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003). Failure to discuss an entire line of evidence makes it "impossible for a reviewing court to tell whether the

6

ALJ's decisions rests upon substantial evidence." [*Id.*] The ALJ's failure to indicate what weight he assigned to Dr. Puranik's opinions prohibits meaningful review of the ALJ's decision to deny benefits.

Furthermore, this is not a case where the failure of the ALJ to properly weigh Dr. Puranik's opinions is harmless. *See, e.g.*, *Shramek v. Apfel*, 226 F.3d 809, 814 (7th Cir. 2000). The ability to ambulate without difficulty is important to this case because of the residual functional capacity that the ALJ assigned to Gibson. According to the ALJ, "[a]fter careful consideration of the entire record" he determined that Gibson could "stand and/or walk for 20 minutes at one time for a total of 2 hours during an 8-hour workday." He went on to include in the RFC that Gibson could "occasionally climb ramps and stairs, balance, kneel, stoop, crouch, and crawl, but he could never climb ladders or scaffolds." [A.R. at 30.] It is unclear from the record what effect Dr. Puranik's opinions would have had on the RFC had those opinions been accepted, or even considered, by the ALJ.

In sum, the ALJ cherry-picked the evidence from Gibson's medical records to support the denial of benefits. Gibson had a long term relationship with Dr. Puranik. The ALJ left the impression that, based on Dr. Puranik's records, Gibson has no problem at all getting around. Yet a review of all of Dr. Puranik's records suggest something quite to the contrary. On remand, the ALJ must properly consider all of Dr. Puranik's records and then assign a weight to his opinions. If the ALJ still believes that he should discount the opinions of Dr. Puranik—and that is of course the ALJ's

7

prerogative—then he must explain why he is doing so and build a logical bridge between the evidence and his decision. As it stands now, I am not permitted to conduct a meaningful review because it is unclear how the ALJ arrived at his decision. Because this ground already requires remand, I will not address Gibson's remaining arguments, but the ALJ should consider and address them as appropriate.

## Conclusion

For the reasons stated above, the ALJ's decision denying benefits is **REVERSED** and this cause is **REMANDED** for further proceedings consistent with this Opinion and Order.

**SO ORDERED**.

ENTERED: March 19, 2018.

      s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**